UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CASTRO-VERDUGO,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　　　　Defendants. | Case No. 5:20-cv-02260-MCS (SHK)<br><br>**ORDER DISMISSING CASE** |

　　　　For the following reasons, this case is **DISMISSED** without prejudice.

## I.　　BACKGROUND

　　　　On October 22, 2020, Plaintiff Roberto Castro-Verdugo ("Plaintiff"), proceeding pro per and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 alleging various violations of his constitutional rights ("Complaint"). Electronic Case Filing Number ("ECF No.") 1, Compl.  After screening the Complaint under 28 U.S.C. § 1915A, on February 8, 2021, the Court issued an Order Dismissing Most of The Claims in The Complaint with Leave to Amend ("ODLA").  ECF No. 11, ODLA.  Plaintiff had 21 days from the ODLA, which was March 1, 2021, to file his First Amended Complaint ("FAC").  Id.  Plaintiff was warned that if Plaintiff failed to timely file a FAC, "**this action [would] be dismissed be dismissed with**

**or without prejudice for failure to state a claim, failure to prosecute, and/or failure to obey Court orders under Federal Rule of Civil Procedure 41(b).**" Id. at 27-28 (emphasis in original).

On March 1, 2021, the Court received Plaintiff's Objections to Non-Dispositive Order of Magistrate Judge ("Objections"), which appears to be an objection to the ODLA. ECF No. 13, Objs. After reviewing Plaintiff's Objections, however, the Court concluded that its ODLA was appropriate. In response, the Court issued a minute order ("Order") requiring Plaintiff, by June 7, 2021, to either: "(1) file a[] FAC that includes all claims that Plaintiff would like to pursue, even if Plaintiff previously stated them in the original Complaint, including claims which the Court did not find deficient; or (2) clearly indicate to the Court, in writing, that Plaintiff intends to proceed with the <u>entire</u> current Complaint, as is." ECF No. 16, Order at 2 (emphasis in original). Having received no response from Plaintiff by September 10, 2021, the Court issued an Order to Show Cause ("OSC") requiring Plaintiff to state why this case should not be dismissed for failure to prosecute or follow Court orders, by September 23, 2021. ECF No. 21, OSC. Plaintiff was warned "**for the final time that if Plaintiff does not timely file an FAC or clearly notify the Court on whether Plaintiff chooses to proceed on his originally filed Complaint, the Court will recommend that this action be dismissed** . . . ." Id. (emphasis in the original). As of the date this order, Plaintiff has failed to timely respond to the Court's ODLA, Order, or OSC or to otherwise participate in this litigation.

## II.   LEGAL STANDARD

District courts have <u>sua sponte</u> authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962); <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) <u>sua sponte</u> for a plaintiff's failure to prosecute

or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out five factors similar to those in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)).  In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

### III.   DISCUSSION

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being instructed that most of the claims in the case were subject to dismissal and subsequently being warned that failure to respond to the OSC could result in dismissal of this case with prejudice for failure to prosecute and follow Court orders, Plaintiff has failed to do so or otherwise participate in this litigation.  This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). The record suggests such a presumption is warranted in this case, considering that Plaintiff has failed to comply with the Court's OSC and Plaintiff has not offered any excuse for his failure to comply with the OSC and respond in a timely manner. Thus, this "prejudice" element favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's repeated failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite the Court's attempt to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents and failing to otherwise cooperate in prosecuting this action. The Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, the Court finds that dismissal of this action, without prejudice, is appropriate here.

## IV. CONCLUSION

For the reasons discussed previously, **IT IS HEREBY ORDERED** that the case is **DISMISSED** without prejudice.

Dated: November 15, 2021

_____
HON. MARK C. SCARSI
United States District Judge

Presented by:

_____
HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge